IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Roger Seehafer | Case No. |
| Plaintiff, | |
| v. | |
| Weyerhaeuser Company, a corporation;<br>Owens-Illinois, Inc., a corporation; | |
| Defendants. | |

## COMPLAINT

Now comes the plaintiff, Roger Seehafer, by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against the above defendants as follows:

### JURISDICTION AND PARTIES

1. Plaintiff is an adult citizen and resident of Wisconsin and resides in Marshfield, Wisconsin.

2. This matter is being filed in the Eastern District of Pennsylvania in anticipation of a transfer to MDL-875. The matters herein constitute an emergency because the plaintiff is dying.

3. **Defendant Weyerhaeuser Company** is the former owner of the Marshfield, Wisconsin door manufacturing plant where asbestos products were used. Defendant Weyerhaeuser Company is also legally responsible for the conduct of Roddis Plywood Corporation.

4. **Defendant Owens-Illinois, Inc.** manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block insulation. Owens-Illinois Inc. also licensed a patent for asbestos-containing fireproof door cores to Roddis Plywood Corporation and Weyerhaeuser Company.

5. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin. *See* Exhibit A for the states of incorporation and principal place of business of each defendant.

6. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

7. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

8. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

9. Plaintiff inhaled airborne asbestos fibers released from operations at Weyerhaeuser's door manufacturing plant, f/k/a Roddis Plywood Corporation, in Marshfield, Wisconsin, as a result of the following:

    a. his employment at Weyerhaeuser beginning in 1955;

    b. his residence in the surrounding community; and

    c. transport of asbestos fibers to other locations frequented by plaintiff.

10. During the period of his exposures, decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by working with or near asbestos-containing materials.

11. Plaintiff was diagnosed with malignant mesothelioma on or about November 8, 2013.

12. This malignant disease and injury process began before 1994, although the disease was not diagnosed until November 8, 2013.

13. Malignant mesothelioma is an incurable cancerous condition caused by exposure to asbestos. It is eventually fatal.

14. All of plaintiff's exposures to asbestos contributed to the disease.

15. Plaintiff has suffered great pain, physical impairment, and great mental pain and anguish. He is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

### COUNT I - PRODUCT LIABILITY - NEGLIGENCE

16. Plaintiff incorporates by reference all general allegations and brings this count for negligence against defendant Owens-Illinois, Inc.

17. It was reasonably foreseeable that plaintiff and other workers would be working with or in the proximity of defendant's asbestos products and be exposed to airborne asbestos fibers.

18. Defendant had a duty to exercise reasonable care for the safety of plaintiff and others who worked with or were exposed to the defendant's asbestos products.

19. Defendant knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and death and that plaintiff did not know that asbestos products were dangerous or harmful at the time of his exposures.

20. Defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn plaintiff or others of the health hazards of asbestos;

    b. Failed to warn plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d. Failed to instruct plaintiff, their employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e.    Manufactured, supplied, mined, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

21. As a direct and proximate result of the acts and omissions of the defendant above, plaintiff was injured as described above.

## COUNT II – PRODUCT LIABILITY (UNREASONABLY DANGEROUS PRODUCT)

22. Plaintiff incorporates by reference all general allegations and brings this claim against defendant Owens-Illinois, Inc.

23. The defendant's above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the plaintiff.

24. At all relevant times, the defendant placed its asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach plaintiff and other users and consumers without substantial change in the condition they were in when sold.

25. Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendant's asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

26. Defendant manufactured, supplied or installed a product or equipment that was unreasonably dangerous in nature in that it contained asbestos and in particular:

    a.    Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b.    Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

   c. Was not subjected to adequate investigation regarding its hazards to health; and

   d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

27. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III - NEGLIGENCE

28. Plaintiff brings this count for negligence against defendant Weyerhaeuser Company.

29. Plaintiff restates and realleges the general allegations above.

30. Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser door manufacturing facility (f/k/a Roddis Plywood Corporation) in Marshfield during the period of plaintiff's exposures.

31. Weyerhaeuser Company, during its operations of the Marshfield plant, caused asbestos fibers to be released and contaminate the air:

   a. in the community surrounding the plant; and

   b. in areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles hauling asbestos waste materials to various sites throughout Marshfield.

32. The inhalation of asbestos fibers from contaminated air in the community surrounding the plant, housing, vehicles, and other places frequented by plaintiff is unrelated to any employment relationship with Weyerhaeuser Company.

33. It was reasonably foreseeable that plaintiff and other persons would be in proximity to the Weyerhaeuser facility, or to the other locations to which the fibers were transported, and inhale airborne asbestos fibers released from Weyerhaeuser's Marshfield operations.

34. Weyerhaeuser Company had a duty to exercise reasonable care for the safety of plaintiff

from asbestos fibers released during Weyerhaeuser's operations of the Marshfield plant which would foreseeably contaminate the air surrounding the plant and other locations to which the fibers were transported.

35. Weyerhaeuser Company knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and/or death.

36. Plaintiff did not know that asbestos or asbestos products were so dangerous or harmful at the time of his exposures.

37. Weyerhaeuser Company breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn decedent or others of the health hazards of asbestos;

   b. Failed to adequately investigate health effects of asbestos;

   c. Failed to adequately test for air levels of asbestos;

   d. Failed to adequately instruct decedent or others in the use of precautionary measures relating to airborne asbestos fibers;

   e. Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

   f. Failed to use proper engineering techniques or methods, or used unsafe techniques or methods, in handling, processing, and disposal of asbestos-containing materials.

   g. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq.

   h. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

   i. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; And Wis. Adm. Code Ind 12.20;

j. Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists; and

k. Failed to take corrective action after being put on notice of the above violations.

38. As a direct and proximate result of the acts and omissions of the premises defendant above, plaintiff was injured as described above.

## COUNT IV – NUISANCE

39. Plaintiff incorporates by reference all general allegations above and brings this count against defendant Weyerhaeuser Company.

40. Weyerhaeuser Company is responsible for the ownership and operation of the door manufacturing plant in Marshfield, Wisconsin during the period of plaintiff's exposures.

41. Weyerhaeuser Company, during operations of its Marshfield plant, caused asbestos fibers to be released into and contaminate the public air in, at, and around the plant.

42. Weyerhaeuser Company, during operations of the Marshfield plant, caused asbestos fibers to be released into the public air in other areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles hauling asbestos waste materials.

43. Breathing uncontaminated public air is a public right.

44. The release and transport of asbestos fibers as described above caused contamination of housing, vehicles, and other places frequented by decedent which contained public air.

45. Plaintiff and others inhaled the contaminated public air in the community surrounding the plant, housing, vehicles, and other places frequented by decedent.

46. The inhalation of asbestos fibers from contaminated public air in the community

surrounding the plant, housing, vehicles, and other places frequented by plaintiff is unrelated to any employment relationship with defendant.

47. The inhalation of asbestos fibers is a health hazard.

48. The release of asbestos fibers into the public air interfered with and endangered the use of public places, the right to breath the public air, the use of residences and vehicles, and other activities of the entire community in one or more of the following ways:

  a. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

  b. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

  c. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

  d. Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists;

  e. Adversely affected the health interests of the community at large; and

  f. Interfered with the public health and safety;

  g. As a direct and proximate result of the nuisance, plaintiff was injured as described above.

## COUNT V – DECLARATORY JUDGMENT

49. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

50. Retroactive application of the 1995 legislation purporting to apply to the new versions of

§§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

51. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## COUNT VI- PUNITIVE DAMAGES

52. Defendants acted maliciously, with intentional disregard for the rights, health, and safety of plaintiff which plaintiff is entitled to recover punitive damages.

## PRAYER FOR RELIEF

Wherefore, plaintiff prays for relief as follows:

(a) Judgment against defendants, jointly and severally, for compensatory and general damages.

(b) Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: January 6, 2014

_____
Michael P. Cascino
Attorney for plaintiff
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
Phone: 312.944.0600
Fax: 312.944.1870
Email1: ecf.cvlo@gmail.com
Email2: mcascino@cvlo.com