IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| ROGER SEEHAFER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:14-cv-00161-wmc |
| | ) | |
| v. | ) | District Judge William M. Conley |
| | ) | |
| WEYERHAEUSER COMPANY and | ) | Magistrate Judge Stephen L. Crocker |
| OWENS-ILLINOIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR A DECLARATORY JUDGMENT

Plaintiff moves the court to enter a declaratory judgment that documents produced during discovery eleven or more years ago in the case of *Rogers v. Weyerhaeuser*, 01-cv-328, Wisconsin Circuit Court of Portage County, are not privileged or confidential and can be used in the instant case.

History of the Documents

1. The instant case alleges Roger Seehafer, a resident of Marshfield, Wisconsin, was diagnosed with mesothelioma, a fatal and incurable disease caused by asbestos exposure.

2. The *Seehafer* case arises out of the operations of a plant which produced fire doors containing asbestos in Marshfield, WI. The plant was formerly owned by defendant Weyerhaeuser.

1

3. Pursuant to the court's scheduling conference held in this case before Magistrate Judge Crocker on March 28, 2014, plaintiff must meet the following deadlines for which the Weyerhaeuser documents will be used:

   a. Plaintiff's Rule 26(a) disclosure due on April 28, 2014

   b. Plaintiff's expert reports due on August 16, 2014

   c. Depositions of witnesses who prepared or received the documents or otherwise have knowledge of such documents

   d. Summary judgment motion responses due on February 12, 2015

   e. Pretrial report due on June 23, 2015

   f. Trial to begin on July 13, 2015.

(ECF Doc. 27.)

4. In order to properly represent Mr. Seehafer and to prosecute the case, plaintiff's counsel Cascino Vaughan Law Offices ("CVLO") intends to disclose and utilize documents called the "Weyerhaeuser *Rogers* documents."

5. The Weyerhaeuser *Rogers* documents were received by CVLO while serving as counsel for Larry and Sara Rogers in their asbestos case. The *Rogers* case was filed on October 22, 2001, in Portage County, Wisconsin state court by CVLO as an asbestos personal injury lawsuit against Weyerhaeuser Company and other defendants. (Ex 1.) Rogers was also represented in the case by co-counsel Russell Golla from the firm of Anderson O'Brien based in Stevens Point, WI. (Ex 2 at 2.)

6. The Weyerhaeuser *Rogers* documents were produced to CVLO during discovery in the *Rogers* case and included the following two productions:

      a.      Documents produced by Weyerhaeuser as exhibits attached to interrogatory answers signed by Weyerhaeuser on January 31, 2003 in the Rogers case and Bates Numbered as WEYER 001 to WEYER 1305 (these also have numbers ranging from WY02-000001 to WY02-001133).

      b.      Documents produced and marked as exhibits 1-17 at the April 3, 2003, deposition of Jerry Saindon ("Saindon"), former safety coordinator for Weyerhaeuser at the Marshfield plant. (Ex 2 at 1-2.)

7. Pending before this court are an additional six cases filed by CVLO claiming terminal or severe asbestos injuries (mesothelioma, lung cancer, or asbestosis) arising from the activities at the Marshfield plant which also involve the Weyerhaeuser *Rogers* documents.[1]

8. Wisconsin licensed attorney Steven W. Celba ("Celba") of Celba & DesRochers, LLP, from Appleton, WI appeared on behalf of Weyerhaeuser Company at Saindon's April 3, 2003 deposition and was counsel of record for Weyerhaeuser in the case. (Ex 2 at 1.)

9. The *Rogers* case against Weyerhaeuser has long since been resolved.

10. Eleven years after the *Rogers* case was closed, another counsel for Weyerhaeuser from the Jackson, Mississippi law firm of Forman Perry has contended the Weyerhaeuser Rogers case documents are confidential and privileged in other Weyerhaeuser cases pending in the asbestos MDL-875 before remand to this court. (Ex 11, 12.)

---

[1] Four additional Marshfield plant cases against Weyerhaeuser are pending in asbestos MDL 875, but will be remanded to this court. No further cases are being transferred to the MDL pursuant to order of the JPML on February 19, 2014. (Ex 14.)

11. The Weyerhaeuser *Rogers* documents were generated by or sent to the corporate industrial hygiene department of Weyerhaeuser and Marshfield plant operating and safety personnel.

12. These documents consisted of several categories of relevant information for asbestos cases including without limitation:

    a. Reports of asbestos levels in air at the Marshfield plant and surrounding community based on air monitoring tests;

    b. Recommendations for systems to remove and control exposures to asbestos containing waste and scrap;

    c. Reports and analysis of the effectiveness of the dust control systems conducted by the industrial hygiene, safety, or production personnel employed by Weyerhaeuser;

    d. Documents relating to the asbestos content of the fire doors made at the Marshfield plant.

13. During the *Rogers* case, Weyerhaeuser counsel provided to plaintiff's counsel without objection or restriction documents authored by Joseph Wendlick, the former head of the Weyerhaeuser Industrial Hygiene department. A copy of some of the industrial hygiene documents was sent to one member of Weyerhaeuser's legal department in the state of Washington, Doug Ehlke. (*See* Exs 3, 4, 5)

14. During the *Rogers* case, Weyerhaeuser counsel never asserted a claim of privilege or confidentiality for the documents produced in discovery.

15. Joseph Wendlick, the former head of Weyerhaeuser's industrial hygiene department and author of the Marshfield documents copied to Weyerhaeuser counsel was deposed on March 19, 2014. Wendlick was represented at the deposition by counsel for Weyerhaeuser. Wendlick testified that the documents he prepared as Weyerhaeuser's corporate industrial hygienist were for "safety and health." (Ex 8 at 105.) Wendlick also testified the documents were not requested by the legal department. (Ex 8 at 104.) The documents copied to legal counsel were part of the industrial hygiene quarterly audit program that Wendlick created. (*See* Exs 3, 4)

16. The case of *Jacobs v. Owens-Illinois, Inc., et al.* also arises from asbestos exposure in the Weyerhaeuser plant and was filed in this court on December 7, 2012. In the *Jacobs* discovery responses served on January 16, 2014, Weyerhaeuser responded to the plaintiff's document requests and interrogatories by referencing and adopting the documents from the *Rogers* case as responsive to discovery requests in *Jacobs*. (Exs 9, 10.) Specifically, Weyerhaeuser's response states "Plaintiff is in possession of Weyerhaeuser's discovery responses in *Rogers v. Weyerhaeuser, et al.* (Case No. 01-CV-328, Portage County, WI Circuit Court), in which Weyerhaeuser provided to Plaintiff's counsel extensive information and documents related to the Marshfield Plant." No mention was made in the *Jacobs* discovery responses of privilege, confidentiality, or other restriction attaching to the *Rogers* case documents.[2]

---

[2] Weyerhaeuser offered identical or nearly identical responses to discovery requests in *Heckel v. 3M Company, et al.* (March 4, 2014) and *Zickert v. Bayer Crop Science Inc., et al.*, (January 16, 2014)

17.	On April 1, 2014, plaintiff served document requests on Weyerhaeuser in this action. The Weyerhaeuser *Rogers* documents are responsive.

## ARGUMENT

Weyerhaeuser has claimed privilege or confidentiality for many of the documents produced eleven or more years ago in the *Rogers* case. These claims are baseless for the following reasons:

- The documents are not privileged or confidential. The documents were created and received by Weyerhaeuser's employees for safety and health purposes, and the documents do not concern legal issues or investigations with legal grounds

- Any claim to privilege or confidentiality has been waived. The documents were voluntarily disclosed and used without objections as to privilege or confidentiality in the *Rogers* case in which Weyerhaeuser was represented by experienced Wisconsin licensed asbestos counsel

- As recently as the year 2014, Weyerhaeuser has continued to reference and incorporate the Weyerhaeuser Rogers case docs in discovery responses without asserting claims of privilege or confidentiality. (Ex 9, 10.)

Each of the above points is discussed further below.

The documents are important and necessary to the *Seehafer* litigation and other cases which are pending in this court. A declaratory judgment is needed to preclude improper claims of confidentiality and privilege from inhibiting litigation of *Seehafer* and other Marshfield plant cases pending in this court.

These documents have not been shown to be privileged. Only a bare claim has been asserted. In addition, these documents have been disclosed by Weyerhaeuser for more than a decade. Any potential privilege has therefore been waived.  To prevent any frivolous claims of privilege from inhibiting the discovery process, plaintiff therefore asks this court for declaratory judgment as to whether the documents are privileged.

*1.  The Documents are not Privileged or Confidential*

Wisconsin Statute § 905.03(2) states, "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client(.)"  Confidential communications are defined as "not intended to be disclosed to 3rd persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." Wis. Stat. 905.03(1)(d)

It is defendant's burden to show documents were privileged and confidential under the statute's definition. *Dyson v. Hempe,* 140 Wis. 2d 792, 802 (1987), citing *Weil v. Investment/Indicators, Research, & Management,* 647 F.2d 18, 25 (9th Cir. 1981).  To claim the documents were confidential and therefore privileged, defendant must first make a showing that documents were generated in furtherance of rendering legal services.  The Weyerhaeuser Rogers case documents were primarily generated by and directed to management or safety personnel at the Marshfield plant.  Certain documents were copied to, among many others, a single Weyerhaeuser attorney at the Weyerhaeuser corporate offices in Washington state.  (*See* Ex 3, 4, 5, 6, 7.)

Many other Weyerhaeuser employees in operations and production at Marshfield received copies of all documents copied to the attorney. (*See* Ex 3, 4, 5, 6, 7.) "A mere showing that the communication was from a client to his attorney is insufficient to warrant a finding that the communication is privileged. *See:* McCormick, *Evidence*, (2d ed.), pp. 187, 188, sec. 91." *Jax. v. Jax*, 73 Wis. 2d 572, 581 (1974). Therefore, merely showing documents were copied to an attorney is insufficient to warrant a finding that the communication is privileged or confidential.

Weyerhaeuser's counsel has claimed some of the Weyerhaeuser *Rogers* documents were obtained somehow improperly by Saindon, but this claim is irrelevant.[3] (Ex 11 at 1.) The question has no bearing on whether or not the documents are privileged and confidential. Without any claim to privilege, the documents are Weyerhaeuser records and relevant to the safety and health practices of Weyerhaeuser with regard to asbestos. Saindon held on to his documents because he knew their importance, he thought, given the dangers of asbestos, he

---

[3] Jerry Saindon ("Saindon"), was employed at the Marshfield plant beginning in 1953 and was the safety director at Weyerhaeuser's Marshfield plant from 1970 until about 1977. (Ex at 11.) On April 3, 2003, Saindon's deposition was taken in Stevens Point, Wisconsin. The plaintiff was represented by CVLO co-counsel Russell Golla from Anderson O'Brien. Documents Saindon testified were from his Weyerhaeuser files were marked as exhibits 1-17 at Saindon's April 3, 2003 deposition. (Ex 2 at 1-2.) The documents marked included most of those earlier received by CVLO from Saindon and others which Saindon brought to the deposition. During the two days of Saindon's April 3 and April 4, 2003 deposition, Weyerhaeuser's Wisconsin-based counsel never claimed or objected that any of the documents were privileged or confidential. (*See* Ex 2.) After the deposition, the documents marked as exhibits were part of the public record of the proceedings. Eleven years later, Saindon gave another deposition on March 12, 2014. (Ex 13.) At the 2014 deposition, Saindon identified a group of documents, marked as exhibit 4 at the 2014 deposition, as from his files at Weyerhaeuser. (Ex 13 at 11.) Weyerhaeuser's Mississippi counsel objected and claimed for the first time the documents were privileged and confidential. (Ex 13 at 6-7.) Despite objecting to the documents, Weyerhaeuser counsel proceeded to question Saindon at length about the subject matter content of the same documents. (*See* Ex 13.) Plaintiff's counsel agreed at the deposition to treat the exhibits marked at the Saindon deposition as confidential, and so none are attached to this motion. (Ex 13 at 6-7.)

might need the documents later, and he was perhaps worried the documents would not otherwise be available at a future date. (Ex 2 at 29.)

*2. Any Claim to Privilege or Confidentiality has been Waived*

In addition, all of the documents at issue are not privileged or confidential because defendant waived any claim to privilege or confidentiality. "A person upon whom this chapter confers a privilege against disclosure of the confidential matter or communication waives the privilege if the person or his or her predecessor, while holder of the privilege, voluntarily discloses or consents to disclosure of any significant part of the matter or communication." Wis. Stat. § 905.11. Every document for which this motion seeks a declaratory order was disclosed "voluntarily" and "by consent" of Weyerhaeuser. Any claim to privilege or confidentiality is waived.

To claim privilege after documents are produced, the party claiming privilege has the burden to show: "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error(.)" Wis. Stat. 905.03(5)(a).

The disclosure in the Rogers case was not "inadvertent." Weyerhaeuser had experienced counsel in *Rogers* and had multiple opportunities to assert privilege or confidentiality during and in the time since *Rogers*. The settlement of the case presented yet another opportunity to obtain an agreement as to confidentiality or to prevent future use. Instead, these documents have continued to be incorporated into Weyerhaeuser's discovery responses as recently as 2014. (*See* Exs 9, 10.)

Assuming the disclosure in 2003 was inadvertent, which Weyerhaeuser has not yet argued or provided any evidence to support, Weyerhaeuser counsel knew the documents were produced in 2003 or before during the *Rogers* case.  In the eleven intervening years, Weyerhaueser's attorney made no claim of privilege or confidentiality nor did Weyerhaeuser attempt to restrict use of these documents.  By the long delay in asserting the privilege, Weyerhaeuser did not "promptly take reasonable steps to prevent disclosure."

In *Baxter Travenol Lab. v. Abbott Lab.,* 117 F.R.D. 119 (N.D. Ill. 1987), a party was held to have waived privilege after producing a document without objection and failing to assert privilege for several months.  The court stated, "Even where the initial production may have been inadvertent, however, delay in claiming the privilege can result in waiver. Where prior to the assertion of the privilege, the documents have been examined and used by the opposing party, it may be unfair and unrealistic to uphold the privilege." *Id.* at 121, citing *In re Grand Jury Investigation of Ocean Transportation*, 196 U.S. App. D.C. 8, 604 F.2d 672, 674-75 (D.C. Cir.), cert. denied sub nom; and *Sea-Land Service, Inc. v. United States*, 444 U.S. 915, 62 L. Ed. 2d 169, 100 S. Ct. 229 (1979).

Defendant has known these documents are in CVLO's possession for eleven years–far longer than several months.  Defendant had a duty to "promptly" take reasonable steps to rectify any inadvertent disclosure. A delay of eleven years constitutes a waiver, and defendant should be estopped from any claim of privilege with these documents now.

*3. Declaratory Judgment is Necessary*

Declaratory judgment is proper under 22 U.S.C.S. § 2201 to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief could

be sought." According to the advisory committee's notes to Fed. R. Civ. Proc. 57, "the existence or nonexistence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be declared." "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests...It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241 (1937).

Plaintiff needs the Weyerhaeuser *Rogers* documents to conduct discovery and to prepare for trial in this case. Defendant has recently claimed in other litigation involving the Marshfield plant these should be returned by CVLO and are protected from discovery. (Ex 12.) The same claims will be undoubtedly be made in the *Seehafer* case. A declaratory judgment is necessary to prevent future claims and disputes during disclosure under Rule 26(a), preparation of expert reports, depositions, responses to summary judgment motions, pretrial reports, and ultimately trial. As set forth in plaintiff's statements in the discovery plan filed before the scheduling conference in Seehafer's case, the privilege and confidentiality claims must be resolved promptly (ECF Doc. 26.).

Defendant's claims inhibit discovery and affect what documents can be utilized during critical phases of the litigation process. Plaintiff will have to delay the Rule 26 disclosure and expert reports and retake depositions if the document claims are not adjudicated promptly. Since the documents were produced and repeatedly used in earlier litigation, the scheduling order of

this court should not be disturbed by the belated assertion of improper claims of privilege or confidentiality.

<u>Conclusion</u>

Plaintiff moves this court for a declaratory judgment that all Weyerhaeuser Rogers documents included within the Rogers case productions are not privileged or confidential.

Dated:  April 3, 2014.

 s/ Robert G. McCoy
Attorney for Plaintiff

Robert G. McCoy
James N. Hoey
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600
(312) 944-1870 (fax)
ecf.cvlo@gmail.com
mcascino@cvlo

**Certificate of Service**

I hereby certify that on April 3, 2014, I caused the forgoing to be electronically filed with the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.

Dated:  April 3, 2014.

 s/ Robert G. McCoy
Attorney for Plaintiff

Robert G. McCoy
James N. Hoey
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600
(312) 944-1870 (fax)
ecf.cvlo@gmail.com
mcascino@cvlo.com