IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER SEEHAFER,

                      Plaintiff,                    OPINION AND ORDER

v.

                                                  14-cv-161-wmc

WEYERHAEUSER COMPANY and
OWENS-ILLINOIS, INC.,

                      Defendant.

---

Before the court is plaintiff Roger Seehafer's motion for a "declaratory judgment" that documents produced during discovery in 2003 in a separate case are not privileged or confidential and can be used in this action. (Dkt. #28.) Putting aside the unusual label of plaintiff's motion,[1] the court will grant the essential relief requested for the reasons that follow.

BACKGROUND

As part of his Rule 26 disclosures, in depositions, and with experts in this case, plaintiff seeks to use documents produced in 2003 by defendant Weyerhaeuser Company as part of a 2001 lawsuit brought against it in Wisconsin state court by a different plaintiff (the "Rogers case"). The documents fall into two basic categories: (1) documents produced by Weyerhaeuser as exhibits attached to interrogatory answers signed by Weyerhaeuser on January 31, 2003 and bates numbered WEYER 001 to WEYER 1305; and (2) documents produced and marked as exhibits 1-17 at the April 3,

---

[1] While the court is perfectly willing to rule at any time on discovery or evidentiary disputes if it is likely to advance a case, the court would prefer to do so by a straightforward motion for an evidentiary ruling.

2003, deposition of Jerry Saindon, former safety coordinator for Weyerhaeuser at the Marshfield plant.

Defendant Weyerhaeuser has no objection to the first category of documents, but argues that those documents produced by Saindon at his deposition involve privileged and confidential documents.

## OPINION

Federal Rule of Evidence 501 provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Wisconsin Statute § 905.03 governs attorney-client privilege and the forfeiture of that privilege, providing in pertinent part:

> (2) General rule of privilege. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client: between the client or the client's representative and the client's lawyer or the lawyer's representative; or between the client's lawyer and the lawyer's representative; or by the client or the client's lawyer to a lawyer representing another in a matter of common interest; or between representatives of the client or between the client and a representative of the client; or between lawyers representing the client.
>
> . . .
>
> (5) Forfeiture of Privilege. (a) Effect of inadvertent disclosure. A disclosure of a communication covered by the privilege, regardless of where the disclosure occurs, does not operate as a forfeiture if all of the following apply:
>
> 1. The disclosure is inadvertent.
>
> 2. The holder of the privilege or protection took reasonable steps to prevent disclosure.

> 3. The holder promptly took reasonable steps to rectify the error, including, if applicable, following the procedures in s. 804.01(7).[2]

### A. Waiver

Here, the record is undisputed that Weyerhaeuser failed to invoke any privilege it had in 2003 at the time Saindon voluntarily produced these documents as part of his deposition. (4/7/14 MDL Hearing Tr. (dkt. #31-5) 11 (Weyerhaeuser's counsel explaining that there were objections to foundation during the deposition but privilege was not invoked).) Moreover, Weyerhaeuser made no attempts to assert privilege and strike these documents from the deposition record. (*Id.* (acknowledging that only attempt to "re-secure" documents was made to Saindon directly after he had already produced documents as part of his deposition).)

Putting aside the issue of forfeiture, the court also finds that Weyerhaeuser has failed to demonstrate in its opposition that these documents -- all 17 or a subset of them -- are subject to privilege. Defendant directs this court to its motion filed in the MDL court. (Dkt. #30-2.) While the court has reviewed that submission (or at least the parts submitted to this court by defendant), Weyerhaeuser fails to describe which documents were "made for the purpose of facilitating the rendition of professional legal services to

---

[2] Federal Rule of Evidence 502 provides that for disclosures made in a state proceeding, "the disclosure does not operate as a waiver in a federal proceeding if the disclosure: (1) would not be a waiver under this rule if it had been made in a federal proceeding; or (2) is not a waiver under the law of the state where the disclosure occurred." Fed. R. Evid. 502(c). The exception to waiver in federal proceedings, Fed. R. Evid. 502(b), mirrors that adopted by Wisconsin.

the client." Wis. Stat. § 905.03(2). Indeed, the only documents referred to in Weyerhaeuser's memorandum in support of its motion for return of documents in the MDL court relate to the so-called "Rule 26 File," which were not among the numbered exhibits 1-17 at issue in the motion before this court.

Plaintiffs attach some documents to its motion for declaratory judgment, but Weyerhaeuser fails to state whether these documents are among the 17 it contends are privileged. None of these documents appear privileged on their face.[3] Moreover, the descriptions of the exhibits to Saindon's deposition are insufficient for the court to determine whether they might be subject to privilege. On this record, therefore, the court finds that Weyerhaeuser has failed to meet its burden of demonstrating the documents are subject to attorney-client privilege. *See Dyson v. Hempe*, 140 Wis. 2d 792, 802, 413 N.W.2d 379, 384 (Ct. App. 1987) (party invoking privilege has burden of establishing it).

B. Deference

Weyerhaeuser also argues that it would be improper and premature for this court to rule on plaintiff's motion while Weyerhaeuser's similar mirror-image motion is

---

[3] This is in contrast to the two examples referred to by Weyerhaeuser in its MDL motion from the "Rule 26 File," both of which purportedly claim attorney-client privilege on the documents themselves. (*See* dkt. #30-2 at 10 n.27.)

4

pending in the MDL court. That motion also seeks an order *barring* use or disclosure of the same documents.[4]

While Magistrate Judge Strawbridge ordered plaintiffs' counsel in the MDL action -- the same counsel as in the present action -- not to use or distribute the documents until the court had ruled on Weyerhaeuser's motion seeking return of the documents on March 28, 2014, that court has yet to rule on the motion. Given impending deadlines in this action -- most notably, the August 16, 2014, expert disclosure deadlines -- the court agrees with plaintiff that this issue is ripe and properly before this court.

Accordingly, the court will grant the relief plaintiff requests with two caveats. First, these documents shall be deemed confidential and may initially be shared only with experts or deponents subject to a protective order. Second, the fact that the court is allowing Weyerhaeuser to disclose these documents to experts or deponents does not mean Weyerhaeuser is precluded from challenging their admissibility should this case proceed to trial.

ORDER

IT IS ORDERED that:

1) Plaintiff's Roger Seehafer's motion for a declaratory judgment (dkt. #28) is GRANTED;

2) Plaintiff's motion for hearing on motion for declaratory judgment (dkt. #64) is DENIED AS MOOT; and

3) In light of this ruling, plaintiff's expert disclosure deadline is extended to August 29, 2014, for this case and the five other cases subject to the same

---

[4] Weyerhaeuser's MDL motion also raises other issues not in plaintiff's motion here.

pretrial schedule: Nos. 14-cv-143, 147, 186, 219, and 286. No extension of defendants' expert disclosure deadline of December 19, 2014, is necessary.

Entered this 7th day of August, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge