IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROGER SEEHAFER and JANICE SEEHAFER,

                        Plaintiffs,                      ORDER

v.

                                                      14-cv-161-wmc

WEYERHAEUSER COMPANY and
OWENS-ILLINOIS INC.,

                        Defendants.

     In this action, plaintiffs Roger and Janice Seehafer bring claims against defendants arising out of Roger's exposure to asbestos and a related disease, malignant mesothelioma. Before the court are two motions. In the first, defendant Weyerhaeuser Company, the former owner of a door manufacturing plant where Roger Seehafer worked and asbestos fireproofing products were produced, moves for judgment on the pleadings on the claims brought against it as barred by Wisconsin's Workers' Compensation Act. (Dkt. #34.) In the second motion, defendant Owens-Illinois Company seeks dismissal of product liability claims premised solely on its licensing of a patent claiming a fireproof door. (Dkt. #37.) The court will grant both motions for the reasons set forth in its opinion in *Boyer v. Weyerhaeuser*, No. 14-cv-286 (W.D. Wis. August 22, 2014) and incorporated here.[1]

---

[1] The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiffs Roger and Janice Seehafer are citizens of Wisconsin. (1st Am. Compl. (dkt. #41-1) ¶ 1.) As explained in the *Boyer* opinion the named defendants are citizens of states other than Wisconsin. The court will dismiss the "unknown insurers" as defendants.

ORDER

IT IS ORDERED that:

1) defendant Weyerhaeuser Company's motion for judgment on the pleadings (dkt. #34) is GRANTED. Count III and IV of plaintiffs' first amended complaint are dismissed with prejudice and defendant Weyerhaeuser is dismissed from this action;

2) defendant Owens-Illinois Inc.'s motion to dismiss (dkt. #37) is GRANTED. Counts I and II of plaintiffs' first amended complaint premised on Owens-Illinois's role as a licensor are dismissed with prejudice;

3) plaintiffs may have until September 22, 2014, to file an amended complaint alleging specific facts necessary to state a claim against Owens-Illinois, provided they can do so in good faith; and

4) plaintiffs' motion for leave to file a sur-reply (dkt. #55) is GRANTED.

Entered this 22nd day of August, 2014.

                            BY THE COURT:

                            /s/

                            _____
                            WILLIAM M. CONLEY
                            District Judge